HARTFORD FIRE INSURANCE COMPANY v. A. J. WALKER
FOR USE OF J. P. LONDON ET AL.

No. 1002. Decided April 8, 1901.

### 1. Insurance—Agency—Statutes Construed.

Article 3093, Revised Statutes, should receive the same construction that would be given to its language in the Act of July 9, 1879 (Sixteenth Legislature, page 32), from which it was taken, and in which the persons enumerated were declared agents of insurance companies so far as relates to the liabilities "of this act;" that is, the liabilities, penalties, etc., there pronounced against those acting as agents for insurance companies which had not complied with the law. (Pp. 478, 479.)

### 2. Same—Revision of Statutes.

The revision of the statutes in which the word "chapter" was substituted for "act" in article 3093, will not, in view of the language of the Act of 1891 authorizing such revision, and of section 19 of the general provisions enacted by the Legislature adopting it, be construed as extending the operation of such article from a law imposing penalties on those professing to act as agents to one imposing liability for their unauthorized contracts upon the companies for which they .profess to act. (Pp. 478, 479.)

### 3. Same.

If article 3093, Revised Statutes, be construed to refer to the entire chapter on insurance, instead of the matters embraced in the original Act of July 9, 1879, the effect of its declaration that a certain person was agent of an insurance company could not be held to confer powers to contract not embraced in the law, but his authority would depend on the terms of his appointment or upon the facts show-. ing it. (Pp. 479, 480.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Walker sued the insurance company and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Finley, Harris, Etheridge & Knight,* for plaintiff in error.—It is respectfully submitted that the Court of Civil Appeals erred in construing article 3093 of the Revised Statutes of 1895 as an inhibition against the contractual limitation of authority of Blanton, plaintiff in error's soliciting agent. An analysis of the statute manifestly discloses that such construction is palpably erroneous. Article 3093 is section 1 of the act approved July 9, 1879, which was entitled: "An act to define who are agents of insurance companies and to fix their liability for acting without authority of law." Acts 16th Leg., Called Sess., pp. 32, 33. This act was directed solely against such insurance companies as should attempt to do business within this State in viola- tion of law.

Recognizing the futility of attempting to visit upon insurance com- panies so attempting to do business in this State the desired penalties for infractions, the Legislature, by the act in question, sought to reach directly all such persons within the State as should in the interest of such insurance companies undertake the violation of such law. In other words, it was impracticable to reach the insurance companies

themselves, but it was practicable to reach such persons within the State as should undertake in anywise to further the transaction of the insurance business within the State in violation of law. Hence it is that section 1 of the act in question constitutes everyone an agent "as far as relates to all liabilities, duties, requirements, and penalties set forth in this act." What were the "liabilities, duties, requirements, and penalties" set forth in the act? Section 2 made it a misdemeanor for anyone to perform any of the acts set forth in section 1; section 3 imposed upon those who should do any of the acts specified in section 1 the liability of payment of such taxes as the insurance company would have paid had it conformed to the law; and section 4 extended the liability of those who should perform any of the acts specified in section 1 to the payment of any policy of insurance in respect to which any act specified in section 1 was done by the person furthering the interests of such insurance companies as should attempt to transact business within this State in violation of the laws thereof.

From this brief but correct analysis it manifestly appears that the act in question was directed solely against such insurance companies as should attempt to transact business within this State in violation of the laws thereof, as well as against all such persons as should within this State do any of the acts specified in section 1 in furtherance of the interests of said insurance companies so undertaking to transact business within this State in violation of the laws thereof. The act was not directed against, nor can it be held applicable to, insurance companies legitimately transacting business within this State. The manifest purpose of the act in question was to prevent the diminution of the revenues of the State to which it was entitled from insurance companies doing business within the State, and it was so framed as to accomplish that purpose even though the insurance company should, from without the State, attempt to transact business within the State in violation of the laws thereof. In other words, it is a revenue statute, pure and simple, directed solely against companies attempting to transact business in this State in such a way as to avoid the duties and responsibilities imposed upon those companies transacting business in accordance with law.

The act in question did not unqualifiedly constitute those persons who should do any of the acts specified in section 1 agents; it constituted them agents with this important limitation and qualification, "shall be held to be the agent of the company for which the act is done or the risk is taken as far as relates to all the liabilities, duties, requirements, and penalties set forth in this act." It is true that article 3093, being section 1 of the act in question as carried forward in the revision of 1895, uses the word "chapter" instead of the words "this act," and because of this phraseology the Court of Civil Appeals erroneously extended its applicability to all insurance companies, whether transacting business in defiance of or in accordance with the laws of the State, and to all acts of all agents whomsoever, over-

looking the material point that article 3093 is but a mere continuation of section 1 of the act in question.

It is respectfully submitted that the bare change of phraseology and the mere substitution of the word chapter for the words this act does not and can not operate to extend the purport of the act as originally passed by the Sixteenth Legislature. This contention, we submit, is manifest from an inspection of the Act of the Twenty-second Legislature, page 53, appointing the commissioners and defining their duties. Section 3 of the act last named provides that all statutes passed since the adoption of the Revised Statutes of 1879, including those passed at regular and special sessions of the Sixteenth Legislature, etc., shall be incorporated in their proper places in said statutes, and that in revising the statutes referred to "said commissioners shall, without making radical changes therein, so revise them as to render them concise, plain and intelligible."

*Stuart & Bell* and *C. R. Pearman,* for defendant in error.—It may be that the commissioners appointed to codify the statute exceeded their authority; but be this as it may, when the Legislature adopted their work, and made their work its own act, this renders unimportant what may have been the original legislative instruction of said commission, because of ratification of its act by the Legislature.

Two Courts of Civil Appeals, to wit, that of the Second District in this case and that of the Fourth District in the case of Insurance Company v. Everett, 36 Southwestern Reporter, 125 (which latter decision by an evident oversight was not cited by Judge Hunter in his opinion in this case), have held that this statute renders the soliciting agent the agent of the company with full powers so far as risks taken upon a solicitation of the soliciting agent are concerned. We recognize the fact that the decisions of the Courts of Civil Appeals are not binding upon this court, but at the same time we think they should be at least persuasive. This court in adopting the decision of the commission of appeals on April 5, 1892, in the case of Insurance Company v. Hardware Company, 19 Southwestern Reporter, 615, held that the fact that the agent solicited the risk in the Indian Territory made him under the old statute, of which article 3093 is the successor, the local agent of the insurance company upon whom service could be had in suit brought upon policy issued upon said risk.

One or more sections had been added to the subject of general provisions on insurance after the passage of the act of the special session of 1879, and prior to 1895, and we think that it is a natural conclusion that the commission and the Legislature intended that article 3093 should be applied in all its provisions to all sections of said chapter of general provisions where the same might be applicable. We have never heard it contended that the legislators of our State or any commission acting under legislative authority were afraid to use a few additional words when it became necessary to express their true intent, and if it was intended by the Legislature that article 3093 should only

apply to articles 3094 and 3095, it would have been very easy for the Legislature to so have expressed itself.

We do not think that section 19 of said final title is applicable to this matter. If article 3093 was substantially the same as the article which was its predecessor, this section 19 might be applicable, but we think that the plain reading of article 3093 shows that it is not substantially the same as the old statute, which was its predecessor, because the old statute only applied to two articles of the chapter on general provisions regarding insurance, and the application of article 3093 should, by its plain reading, apply to all the articles of said chapter on general provisions of insurance.

BROWN, Associate Justice.—On the 2d day of November, 1898, the Hartford Fire Insurance Company, through its general agent. for the State of Texas, D. E. Grove, issued and delivered to A. J. Walker, the defendant in error, a policy of insurance for $1692.71, upon a gin house and certain gin machinery consisting of engines, boilers, etc., all situated in Montague County, the property of said A. J. Walker. The property was destroyed by fire, and the company having refused to pay the policy, this suit was instituted by Walker to recover the amount named in the policy. No question is presented in this court upon the pleadings of either party, but the pleadings of both are sufficient to present the issues which the evidence tends to support.

The facts are, briefly, that J. H. Blanton was local agent for the insurance company at the city of Gainesville, Texas, with authority to receive applications for insurance upon gin property and to forward them to D. E. Grove at Dallas, Texas, who alone had the power to issue a policy upon that class of property. Blanton had no authority to issue a policy for the plaintiff in error upon the gin property. When the policy was sent by Grove to Blanton, it was accompanied by the application, upon which was the following indorsement, which Walker was required to sign before the policy should be delivered: "I acknowledge receipt of policy No. 11630 issued on this application and hereby warrant that I have read and considered all the questions and answers in the application, and said answers are correctly recorded under my direction and I warrant them to be true as written. (Signed.) A. J. Walker, Assured." When the policy was delivered, Walker signed the indorsement above copied and the application was returned to Grove at Dallas.

In the application the following question was asked: "Has any company declined this risk?" Answer, "No." Walker had before that time applied, through Blanton, to another company for insurance upon the same property, which application was refused, and when the application to plaintiff in error was made, Walker did not know that it was to be sent to a different company, and Blanton knew at the time that the application had been rejected by another company. Walker could neither read nor write except to sign his name. The application contained these provisions: "(He) covenants and agrees to and with

the said company that this application is a just, true, and full exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property to be insured, and that no fact or information material to the risk has been omitted or withheld; and further submits the statements and answers foregoing as a basis on which the insurance is to issue, and that they are understood as forming the basis and a part of any policy contract that may be issued hereon by the Hartford Fire Insurance Company. * * * It is further understood and agreed that the general agent of the Hartford Fire Insurance Company alone has authority to act for the company in any manner as to the insurance hereby requested."

Upon the face of the policy in large red letters was this indorsement: "As per written and printed form attached hereto, special reference being had to the assured's application No. 11630, on file in this company's office at Dallas, Texas, which is hereby made his warranty and a part of this policy. It being specially stipulated that the general agent signing this policy alone has authority to represent or act (as agent or otherwise) for the company in any manner as to this policy." The policy contained the following provisions pertinent to the question presented. "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed thereon or added thereto, and no officer, agent, or other representative of this company shall have power to waive any condition or provision of this policy, except such as by the terms of this policy may be subject to agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or other representative shall have such power, or be deemed or held to have waived such provision or condition, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." And further: "Special reference being had to the assured's application on which this policy is issued, and which is made a part hereof." The policy also contained the usual clauses of forfeiture.

The trial judge gave the following charge to the jury: "In his application for this insurance the plaintiff was asked the following question, viz: 'Has any company declined this risk?' To which he answered 'No.' Now, you are instructed that if any company had declined such risk, then the plaintiff can not recover, unless you believe from the evidence that said Blanton knew that said risk had been declined, but if said Blanton knew that said risk had been declined, then the fact that plaintiff answered said question 'No' would not defeat his right to recover." The jury returned a verdict for the plaintiff, upon which judgment was rendered by the District Court and affirmed by the Court of Civil Appeals.

The evidence did not authorize the District Court to assume that Blanton had authority to issue policies, and, upon that assumption, to charge that his knowledge of the former rejection of the risk would

estop the company to claim the benefit of the warranty. The charge complained of can only be sustained upon the ground that article 3093 of the Revised Statutes declares the solicitor of insurance to be the general agent of the company and conferred upon Blanton authority to issue policies of insurance in the name of the Hartford Fire Insurance Company.

The Sixteenth Legislature enacted a law entitled, "An act to define who are agents of insurance companies and to fix their liability for acting without authority of law," the first section of which reads as follows: "Be it enacted by the Legislature of the State of Texas, that any person who solicits insurance on behalf of any insurance company, whether incorporated under the laws of this or any other State or foreign government, or who takes or transmits other than for himself any application for insurance or any policy of insurance to or from such company, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, or collect, or transmit any premium of insurance, or make or forward any diagram of any building or buildings, or do or perform any other act or thing in the making or consummating of any contract of insurance for or with any such insurance company other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance or request, or by the employment of such insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken, and as far as relates to all the liabilities, duties, requirements, and penalties set forth in this act." This section of the law of 1879 constitutes article 3093, except that for the word "act," as used in the original statute, the codifiers used the word "chapter," as shown in parenthesis. In the act of the Legislature authorizing the revision of the laws of the State, which became a law in 1891, the codifiers were required, in revising the laws, to include all articles of the former Revised Statutes which had not been repealed and to add in their order the amendments of the Revised Statutes, where they were expressed as amendments of certain articles in the order in which they should come according to their subjects and the numbers of the articles given, and concerning other statutes, this language is used: "And all other of said statutes passed as aforesaid which are general and permanent in their nature shall be collated and arranged into their proper titles, chapters, and articles with marginal references and chapter head lines similar to those used in the present Revised Statutes; provided, that in revising the statutes referred to in this section, said commissioners shall, without making radical changes therein, so revise them as to render them concise, plain, and intelligible." The commissioners for revision were not authorized to make changes in the substance of the statute laws of the State, but simply to arrange them in convenient form. To make sure

that the laws of the State were not materially changed by such revision, the Legislature which adopted the code as revised enacted a chapter of general provisions to govern in the construction and application of the laws embraced in the Revised Statutes, of which general provisions section 19 is in these words: "That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this State at the said time, shall be construed as continuations thereof and not as new enactments of the same." Article 3093 is substantially the same as section 1 of the Act of 1879, before quoted, and we must construe the language of that article as we would the Act of 1879.

By using the language, "shall be held to be the agent of the company for which the act is done or the risk taken as far as relates to all the liabilities, duties, requirements, and penalties set forth in this act," the Legislature meant the liabilities, duties, and penalties prescribed in the subsequent sections of the act named, which were that the person who performed such acts for any insurance company which had not complied with the laws and requirements of the statute should be guilty of a misdemeanor, subject to the fines and penalties prescribed in section 2 of the act, and that such person should be personally liable for the taxes which might be assessed against the companies thus represented, and should also be liable to the policy-holder for any loss sustained upon the policy issued by him. The liability of the company prescribed by the act was that being thus represented in the State, it should be considered as doing business in this State and subject to taxation the same as other insurance companies that were regularly engaged in the business. This law declared the person performing the acts specified to be the agent of the company for which he acted, either by appointment or who assumed to act without authority for the purpose of punishing the person performing the acts, and to make him liable to the State and others for acts so performed, and also to make him agent of the company so far as to render it liable for taxes for doing business within the limits of this State, but that act did not purport to confer any power or authority upon such person with reference to the making of contracts or to make the insurance company liable for any act that he did except as specified in that law.

If the language quoted from article 3093 be construed to refer to the chapter of which it is a part instead of the original act of the Legislature for the scope of the agency, then the effect of the law in declaring such person to be the agent of the insurance company can not be held to confer powers to contract which are not expressed in the law, but the matter of authority would depend upon the terms of his appointment or upon facts which would show the extent of his power. The construction which the Court of Civil Appeals places upon the law would constitute one a general agent who advertises as agent of a company or makes and forwards a diagram of a building for another,

for the statute applies to such in the same terms as to a solicitor of insurance.

For the error committed by the trial court in giving the instruction complained of, the judgments of the District Court and the Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*