## MARYLAND CASUALTY CO. v. CAMPBELL.

### CAMPBELL v. MARYLAND CASUALTY CO.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1919.)

#### Nos. 3290, 3309.

INSURANCE ☞376(1)—ACCIDENT INSURANCE—BREACH OF WARRANTY—WAIVER.
    The insurer cannot be deemed to have waived a warranty in the application that insured had not received medical attention within two years, because its agent knew the statement to be untrue, where the policy expressly withheld such authority from the agent, and provided that no waiver should be valid, unless indorsed thereon and signed by the president or secretary.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Daniel Curry Campbell against the Maryland Casualty Company. Judgment for plaintiff, and both parties bring error. Reversed.

A. H. King and H. L. Anderson, both of Jacksonville, Fla., for plaintiff below.

F. P. Fleming, Jr., of Jacksonville, Fla., for defendant below.

Before PARDEE and WALKER, Circuit Judges.

WALKER, Circuit Judge. This was an action by Daniel Curry Campbell against the Maryland Casualty Company on a contract, which was set out in the declaration, by which the latter insured the former, subject to provisions and conditions stated, against bodily injuries, effected independently and exclusively of all other causes, through external violent and accidental means, and against specified disabilities so effected. The parties will be referred to as the plaintiff and the defendant, respectively. The claim asserted was that the plaintiff was entitled to the indemnity stipulated for—

"if such injuries shall, independently and exclusively of all other causes, continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation."

It was averred that the plaintiff, a practicing lawyer, was so disabled continuously from on or about October 9, 1914, to the time of the bringing of the suit, by an injury resulting from his lower lip being violently and accidentally struck by and against a piece of furniture. The claim asserted was resisted upon the grounds, among others, that the disability alleged was not effected, independently and exclusively of all other causes, by the wound to the plaintiff's lower lip,

which there was evidence tending to prove was accidentally inflicted on or about October 9, 1914, and that there was a breach of a provision contained in the contract sued on, whereby the plaintiff warranted the truth of a statement that he had not received medical attention within two years next preceding the date of the contract, in that during the month of February, 1914, he did receive medical attention for traumatism or cancerous condition on his lower lip at the place where he alleged he received said injury on or about October 9, 1914. The defendant moved the court to direct a verdict in its favor at the conclusion of the evidence offered by the plaintiff, and also at the conclusion of all the evidence. Exceptions were reserved to the overruling of those motions.

A phase of the evidence clearly tended to prove that whatever disability existed after the happening of the incident of October 9, 1914, was attributable in part at least to a diseased condition of the plaintiff's lower lip which existed prior to that date. Evidence which was without conflict proved that there was an unsound condition of the plaintiff's lower lip prior to the infliction of the wound relied on, and that that lip was the subject of examination and treatment by physicians for months prior to that date, and prior to and when the defendant's original policy was renewed by a written instrument, dated August 1, 1914, whereby it agreed to continue the policy in force for 12 months, from August 10, 1914, to August 10, 1915, "provided the statements in the application or the schedule of warranties in the original contract are true at this date," etc. There was uncontroverted evidence to the effect that for months prior to October 9, 1914, that lip was the subject of treatment by physicians or pursuant to their directions, which had not been discontinued when the alleged accidental hurt relied on occurred. The testimony of several of those physicians was adduced. It was uniform to the effect that there was a cancerous condition of the lip before as well as after October 9, 1914. The plaintiff, as a witness in his own behalf, stated that his lip was well before he received the wound relied on. He asserted that the treatment it was receiving immediately prior to that occurrence was a precautionary measure.

In behalf of the defendant it is contended that a verdict in its favor should have been directed, on the ground that whatever disability existed after October 9, 1914, was so conclusively proved to be due, in part at least, to a cancer which existed before as well as after that date, as to make it the duty of the court to set aside a verdict for the plaintiff; circumstances the existence of which was not disputed being such as to establish the impossibility of the truth of the plaintiff's assertion that his lip was well before the wound relied on was suffered, whether it was or was not believed by him to be true. This contention need not be passed upon if, on another ground, the defendant was entitled to have a verdict in its favor directed.

By the terms of the original policy, which was renewed as above stated, the undertakings of the defendant, which it evidenced, were stated to be made "in consideration of the statements in the schedule of warranties hereinafter contained and made a part hereof, and of

$120 premium." The policy, which embodied plaintiff's application for insurance, contained the following provision:

"All the warranties made by the assured upon the acceptance of this policy are true, viz.:

"Schedule of Warranties.

\* \* \* \* \* \* \* \* \* \*

"16. I have not received medical attention within the past two years, except at follows: No exceptions."

By the terms of the last renewal receipt the original policy was continued in force—

"provided the statements in the application or the schedule of warranties in the original contract are true at this date, and that nothing exists at the date hereof to render the hazard of the risk greater than or different from that shown by said application or schedule."

By pleas the defendant averred the existence of the above-quoted warranty, and that prior to the date of the issuance of the last renewal the plaintiff did receive medical attention, to wit, during the month of February, 1914, and that said medical attention was received for traumatism or cancerous condition on said lip at the place where plaintiff alleges he received said injury on or about October 9, 1914. The pleas mentioned further averred:

"That said medical attention was not disclosed to the defendant, nor did defendant have any knowledge thereof, at the time of the issuance of said last renewal, and said warranty was material."

The policy contained the following provision:

"An agent has no authority to change this policy, or to waive any of its provisions, nor shall notice to any agent or knowledge of his or any other person be held to effect a waiver or change in this contract, or any part of it. No change whatever in this policy, and no waiver of its provisions, shall be valid unless an indorsement is added hereto, signed by the president or secretary of the company, expressing such change or waiver. In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company."

There was undisputed evidence to the effect that the plaintiff received medical attention as alleged in the pleas above mentioned. The plaintiff testified that in January or February, 1914, while he had silver foil on his lip, he met Mr. R. R. Rosborough, the defendant's general agent in Florida, through whose office the policy and renewals were issued, and mentioned to him that his lip had been injured, and that the doctors had put silver foil over it to protect it. He also testified that, when an employé of Mr. Rosborough delivered to the plaintiff the last renewal receipt, he told that person about the doctors treating his lip. There was no evidence tending to prove that any one connected in any way with the defendant, other than the two persons just mentioned, was informed, at the time of or prior to the issue of the last renewal, or before the alleged disability occurred, that the plaintiff's lip had been injured, or that he had received medical attention.

The pleas above mentioned set up as a defense to the suit a breach by the plaintiff of a warranty contained in the contract sued on. The

last-quoted averment of those pleas, upon which issue was joined, negatived a waiver by the defendant of the alleged breach of warranty. Such being the manifest purpose and effect of that negative averment, it cannot properly be said that its falsity in any material respect is shown by evidence having no tendency to prove a waiver by the defendant of the breach of warranty alleged. By the explicit terms of the policy the only persons in any way connected with the defendant, who were shown by any evidence to have had knowledge of the falsity of the plaintiff's statement that he had not received medical attention, were without power to waive the warranty of its truth. The last above quoted provision negatived the existence of authority in either of those persons to change the policy, or to waive any of its provisions, and stipulated against notice to them having the effect of a waiver or change in the contract. Embodied in that provision was the stipulation that:

"No change whatever in this policy, and no waiver of its provisions, shall be valid unless an indorsement is added hereto, signed by the president or secretary of the company, expressing such change or waiver."

There was no such indorsement. The defendant, like any other principal, could limit the authority of its agents, and thus bind all parties dealt with to whom such limitation was disclosed. An insurer cannot be deemed to have waived a breach of a warranty contained in its policy, because its agent had notice or knowledge of the breach, where the policy expressly withheld from such agent authority to change the policy, or to waive any of its provisions, and provided that notice to such agent or knowledge of his should not be held to effect a waiver of the contract or any part of it. New York Life Insurance Co. v. Fletcher, 117 U. S. 519, 6 Sup. Ct. 837, 29 L. Ed. 934; Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213; Prudential Insurance Co. v. Moore, 231 U. S. 560, 34 Sup. Ct. 191, 58 L. Ed. 367; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 Sup. Ct. 186, 58 L. Ed. 356.

The following Florida statute was referred to in argument as having a bearing on the question presented:

"Any person or firm in this state, who receives or receipts for any money on account of or for any contract of insurance made by him or them, or for such insurance company, association, firm or individual, aforesaid, or who receives or receipts for money from other persons to be transmitted to any such company, association, firm or individual, aforesaid, for a policy of insurance, or any renewal thereof, although such policy of insurance is not signed by him or them, as agent or representative of such company, association, firm or individual, or who in any wise, directly or indirectly makes or causes to be made, any contract of insurance for or on account of such insurance company, association, firm or individual, shall be deemed to all intents and purposes an agent or representative of such company, association, firm or individual." General Statutes of Florida, § 2765.

In the case of Mutual Life Insurance Co. v. Hilton-Green, 241 U. S. 613, 623, 36 Sup. Ct. 676, 60 L. Ed. 1202, the statute quoted was under consideration. That was a suit on a life insurance policy, which contained the following provisions:

"This policy and the application therefor, copy of which is indorsed hereon or attached hereto, constitute the entire contract between the parties hereto."

"Agents are not authorized to modify this policy or to extend the time for paying a premium."

It was contended that the insurance company was chargeable with notice of facts known to Hogue, the agent who solicited the insurance, to Torrey, the agent through whom the application for the policy was forwarded to the company, and to the physicians, who examined the applicant. In adversely disposing of that contention the court said, in reference to the statute just quoted:

"Section 2765 of the Florida Statutes, ante, undertakes to designate as agents certain persons who in fact act for an insurance company in some particular; but it does not fix the scope of their authority as between the company and third persons and certainly does not raise special agents with limited authority into general ones possessing unlimited power. We assume Hogue, Torrey, and the medical examiners were in fact designated agents of the company with power to bind it within their apparent authority; and in such circumstances the statute does not affect their true relationship to the parties." Mutual Life Insurance Co. v. Hilton-Green, supra, 241 U. S. 623, 36 Sup. Ct. 680, 60 L. Ed. 1202.

That statute does not have the effect of conferring a power which the contract of the parties shows was explicitly withheld. Though each of the persons who, according to the plaintiff's testimony, was informed of the falsity of his statement that he had not received medical attention was an agent of the defendant, he was an agent from whom, by the terms of the contract entered into, the principal withheld any authority to change the contract or to waive any of its provisions, and notice to whom or whose knowledge it was stipulated should not be held to effect a waiver or change in the contract.

The terms of the defendant's contract were such as to make the truth of the above statement of the plaintiff, made in his application for the original policy and repeated when he accepted a renewal, a condition precedent to the existence of a right to recover on the renewal of the policy. It was in express words made a warranty. Mutual Life Insurance Co. v. Hilton-Green, 211 Fed. 31, 127 C. C. A. 467. The evidence without conflict showed the falsity of that statement. The result was, in the absence of any evidence showing a waiver by the defendant, that plaintiff was not entitled to recover. The court erred in overruling the motion of the defendant that a verdict in its favor be directed.

The plaintiff presents for review a ruling of the court against a claim, based on a Florida statute, that the plaintiff was entitled to recover attorney's fees. The conclusion that, on the evidence adduced, he was not entitled to maintain the demand asserted, dispenses with the necessity of passing on the ruling of which he complains.

Reversed.