PENN NATIONAL HARDWARE MUTUAL et al. v. GENERAL FINANCE CORPORATION.

Circuit Court of Appeals, Fifth Circuit. March 26, 1928.

No. 5254.

1. Insurance ⟨key⟩430—Finance company, insured against loss by fraud, cannot recover for swapping of equally worthless obligations.

Finance company, insured against loss by fraud in financing automobile dealers, cannot recover for losses incurred by exchange of fictitious obligations issued by automobile dealers for equally worthless obligations.

2. Insurance ⟨key⟩375(2)—Soliciting agent held without authority to waive provision of policy requiring monthly checking by finance company of wholesale obligations (Rev. St. Tex. 1925, art. 5056).

Mere soliciting agent of insurer held, without authority, under Rev. St. Tex. 1925, art. 5056, to waive provision of policy requiring finance company, insured against losses in financing automobile deales, to monthly check the wholesale obligations.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Action by the General Finance Corporation against the Penn National Hardware Mutual and another. Judgment for plaintiff, and defendants bring error. Reversed, and remanded for new trial.

Allen R. Grambling, of El Paso, Tex. (Jones, Hardie & Grambling, Lea, McGrady, Thomason & Edwards, and McBroom & Scott, all of El Paso, Tex., on the brief), for plaintiff in error.

Joseph G. Bennis, Wm. H. Burges, and A. H. Culwell, all of El Paso, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This case involves a claim by the plaintiff, General Finance Corporation, for alleged losses arising out of its purchase of fictitious obligations, consisting of mortgages or conditional bills of sale of automobiles. The obligations were designated as wholesale or retail, depending upon whether they purported to be executed by automobile dealers or by individual purchasers of automobiles from dealers. This is a second appeal by defendant, Penn National Hardware Company, which issued a policy of indemnity assuring plaintiff against losses upon the obligations above described upon condition that plaintiff must act in good faith and make a regular monthly check of obligations accepted by it. On the first appeal the issues, so far as they are now material, were stated to be: (1) Whether plaintiff had actual knowledge of the admitted fraudulent and fictitious character of the obligations relied on as the basis of recovery; and (2) whether plaintiff, although it had no such actual knowledge, but acted in good faith, could recover for the face of the obligations, in view of the undisputed facts (a) that, on May 10, 1924, when the policy became effective,

plaintiff had in its possession fraudulent and fictitious obligations of the Cooke Motor Company, on account of whose fraud it is claimed the losses occurred, which were exchanged for equally worthless obligations of an equal aggregate amount issued subsequently to the date of the policy, and (b) that a substantial part of the money advanced by plaintiff was upon wholesale obligations accepted by it after the first monthly check thereof was required to be made.

In our opinion on the first appeal it was held that whether plaintiff had knowledge of the fraud of the Cooke Motor Company was a question for the jury, that plaintiff was not entitled to recover upon fictitious obligations issued after the effective date of the policy and exchanged for fictitious obligations issued prior to that date, and that plaintiff had failed to make the first monthly check of wholesale obligations required by the policy, and was thereby precluded from recovery upon any obligations, whether wholesale or retail, thereafter accepted by it. 16 F.(2d) 36.

The evidence adduced at the first trial was stated in our former opinion, and need not be repeated. The only additional evidence adduced at the trial which resulted in the judgment from which this appeal is taken relates to the question whether defendant waived the requirement of the regular monthly check of wholesale obligations. The extent of the evidence on the subject of waiver was that one Jones, defendant's soliciting agent, agreed at the time the policy of insurance was taken out that wholesale obligations need not be checked, and thereafter had knowledge of the fact that plaintiff's only effort to make a check was to write a letter on the first of each month containing simply the amount of obligations which it held, and requesting a reply from the dealer which would state whether that amount was correct. The judgment from which this appeal is taken was entered upon a verdict which made no deduction on account of the exchange of fictitious paper, and included at face value obligations issued after as well as before the failure to make a check of obligations at the end of the first month covered by the policy.

The charge of the court correctly dealt with the question whether plaintiff was precluded from any recovery by reason of actual knowledge of the fictitious character of the obligations; but, assuming that plaintiff was acting in good faith, the charge authorized the full amount of the verdict in the event the jury should find that defendant or its agent Jones waived the requirement of the policy as to checking wholesale obligations. The latter part of the charge on the subjects of full recovery and waiver was excepted to and is assigned as error.

[1, 2] The assignments of error are well taken. We repeat that there can be no recovery based on the swapping of equally worthless fictitious obligations. We repeat also that there was no checking of wholesale obligations and that there could be no recovery based on a compliance with the requirement for a monthly checking provided by the policy. The evidence was insufficient to show a waiver. Jones was merely a soliciting agent. Any assurance given by him at the time the policy was executed that any part of its written provisions need not be complied with did not bind the defendant. At most it was only an effort to vary by contemporaneous parol testimony the terms of a written instrument. Article 5056 of the Revised Statutes of Texas does not confer upon a soliciting agent authority to waive a material condition of a policy of insurance. Hartford Fire Insurance Co. v. Walker, 94 Tex. 473, 61 S. W. 711; United States Fidelity & Casualty Co. v. Taylor (Tex. Civ. App.) 273 S. W. 320. There was therefore nothing in the additional testimony submitted at the last trial to change the rulings made in our former opinion, or to authorize a judgment for any loss sustained by plaintiff after its failure to check wholesale obligations on June 9, 1924.

The judgment is reversed, and the cause remanded for a new trial.