## MARYLAND CASUALTY CO. v. SEAY.
### No. 6371.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1932.

Dick O. Terrell, of San Antonio, Tex., for appellant.

T. P. Hull, of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Maryland Casualty Company sued at law in the District Court under the Texas workmen's compensation statute (Vernon's Ann. Civ. St. art. 8306 et seq.) to set aside an award against it as insurer made by the Industrial Accident Board for compensation to

O. M. Seay for a total and permanent injury incurred by him on January 24, 1930, while employed by Alamo Metal Welding Company. Seay answered, setting up his claim against the casualty company, and it replied, denying all the material allegations. Seay obtained a judgment for weekly payments of $20 per week for 401 weeks, and the casualty company appeals. The judge on the trial submitted special questions to the jury. Seay alleged that his employer was insured by appellee on January 24, 1930, and this was denied, being a chief issue of the trial. The employer's agent on January 23d, applied orally to one McCamish for insurance with appellant, and, as the jury found, he orally told her she was covered. McCamish had no direct authority from appellant to represent it, but Eichlitz, who resided in a neighboring city, and who was the general agent of, and authorized to issue policies for, several fire and casualty insurance companies, including appellant, had by a writing constituted McCamish "his agent for the procuring of business" in described territory. McCamish forgot to report this transaction with the employer's agent to Eichlitz until January 27th, when Eichlitz, refusing to issue a policy of date January 23d, did issue one dated January 27th which was delivered to the employer, who, with knowledge of its dating and the reason therefor, retained the policy and paid part of the premium. The policy has never been reformed, and the employer is not a party to this suit. No contention for a change of dating to January 23d was made until in April, after Seay began pressing his claim.

▪ Oral insurance is lawful in Texas, and a main question was whether McCamish had authority to make a contract of insurance effective January 23d. The question propounded to the jury on this subject read: "Was E. W. McCamish the agent for the Maryland Casualty Company for the securing of a policy of Workmen's Compensation Insurance on the employees of the Alamo Metal Welding Company?" The jury answered "Yes," under a definition of an agent given by the court as follows: "The term 'agent' as used in the special issues following means any person who solicits insurance on behalf of any insurance company and thereby makes a contract of insurance on behalf of said company is that company's agent." Timely objection and exception were made to the definition and to the question. The meaning of the definition is not clear, but it is certain that it omits all reference to the vital matter of authority from the princi-

pal. One who, without the authority, knowledge, or ratification of an insurance company, solicits insurance and assumes to contract for it, is not its agent. And one who is authorized only to solicit, but by no course of dealing or other holding out is apparently authorized to do more, cannot make contracts of insurance. The difference between agents to take orders and agents to contract is familiar in every business, including insurance. 32 C. J., Insurance, §§ 145, 211; 14 R. C. L., p. 872, note 19. The possession of policies to be issued is an important evidential fact. 32 C. J. p. 1115; 14 R. C. L. p. 881, note 16; Pacific Mutual Ins. Co. v. Barton (C. C. A.) 50 F.(2d) 362. McCamish's authority from Eichlitz "to procure business" is indefinite as to whether he was to solicit or contract. Fire policies were given him to issue, but none for compensation insurance. No course of dealing as to the latter is proven. The evidence does not require a finding that McCamish had authority to bind Maryland Casualty Company by a contract of insurance, oral or written, and accurate instruction to the jury was demandable on the point. The jury's finding is that McCamish was the agent of Maryland Casualty Company for the "securing of a policy," and that expression is as ambiguous as his authority "to procure business," and might refer to soliciting as well as to contracting. The verdict should be in apt language which does not admit of mistake. Moore v. Moore, 67 Tex. 294, 3 S. W. 284. The matter of authority was neither well submitted nor plainly found.

▪ Reference has been made to article 5056 of Rev. Civ. Stats. of Texas of 1925 relating to insurance solicitors to this effect: "Any person who solicits insurance on behalf of any insurance company, * * * or who takes or transmits other than for himself any application for insurance * * * shall be held to be the agent of the company for which the act is done, or the risk is taken, as far as relates to all the liabilities, duties, requirements and penalties set forth in this chapter." The chapter requires certain procedure, certificates, licenses, and taxes of insurance companies and their agents doing business in the state, and inflicts penalties and punishments for failures and transgressions. For these purposes one doing the things mentioned in the section is to be esteemed an insurance agent, but the section does not purport to abolish soliciting agents nor to enlarge their actual authority. Hartford Fire Ins. Co. v. Walker, 94 Tex. 473, 61 S. W. 711; Penn National Hardware Mutual v. General Finance Corporation (C. C. A.)

25 F.(2d) 22. A similar statute of Florida purporting to make persons doing such acts the agents of the insurance company "to all intents and purposes" is held not to convert a special agent into a general one or to bestow authority which it was agreed the agent should not have. Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; Maryland Casualty Co. v. Campbell (C. C. A.) 255 F. 437; Fidelity Phenix Fire Ins. Co. v. Handley (C. C. A.) 296 F. 902. The quoted statute, therefore, does not establish as a matter of law an authority in McCamish to contract for appellant, although authority to solicit for it be proven.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.