## MARYLAND CASUALTY CO. v. SEAY et al.

### No. 6901.

Circuit Court of Appeals, Fifth Circuit.

Dec. 6, 1933.

Rehearing Denied Jan. 13, 1934.

Theo F. Weiss and Dick O. Terrell, both of San Antonio, Tex., for appellant.

T. P. Hull, of San Antonio, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This case after its reversal, Maryland Casualty Company v. Seay (C. C. A.) 56 F.(2d) 322, was retried to a jury with a second verdict for Seay, Maryland Casualty Company appealing. The more serious assignments of error relate to the question of the authority of McCamish as subagent of Eichlitz to bind Maryland Casualty Company by an oral contract of insurance. There is sufficient evidence to authorize the finding that McCamish did make the asserted oral contract in behalf of Maryland Casualty Company. Mrs. Whitlock, the employer, testified: "He mentioned early in January that he wanted to sell us insurance in the Maryland Casualty Company and he had circulars or pamphlets of that Company. * * * On January 23rd I.'phoned him after talking it over with my partners and told him we had decided to take out his insurance in the Maryland Casualty Company. He said he was awful glad because we had decided on a good company. He told me that we were covered by the insurance from then on. I saw Mr. McCamish that day sometime during the morning in my office. He told me then we were covered and I paid him $10.00 cash on the policy that day." McCamish testified: "I discussed compensation insurance and tried to sell her that kind of insurance. She said she would let me know. I could not say whether I left any circulars or literature at that time. I probably left my own card. I wouldn't say I told her what company I wanted to write the insurance in and I won't say I didn't tell her. * * * On January 23rd she called me over the 'phone and said she had decided to take out compensation insurance. I told her that was fine and she was covered from that day, and I charged her for it from January 23rd on." His other evidence leaves no doubt that he intended all along to bind the Maryland Casualty Company, and it alone. It was to its general agent that he reported the transaction, and from it he got a policy a few days later, although the company, knowing of Seay's accident which had happened meanwhile, refused

to date it back to January 23d. He had an agency contract with Eichlitz, and there is no room to believe that in this transaction he was acting as a broker—a free lance, without any particular insurer in view. We put aside the assignments of error based on that theory. He evidently intended to bind the Maryland Casualty Company on January 23d, and the substantial question is whether he had authority to do so. On that point it was not disputed that Eichlitz was a general agent of Maryland Casualty Company and could have vested McCamish with authority to bind that company. The whole contest was whether he had done so. As pointed out in our previous opinion, the language of the elaborate written contract, entitled "Local Agency Contract," which appoints McCamish a subagent, is not entirely clear. There was oral testimony to illustrate the intent and some evidence of custom as to the authority exercised under such contracts. We think there was no error in submitting to the jury the question of the true intent of the parties under all the evidence as a question of fact.

The company sought to introduce as an impeachment of McCamish a statement signed by him in 1930. It was identified by the witness while on the stand, but no conflict between it and his testimony was called to his attention. The judge refused it admission on the ground that it was not at variance with the testimony delivered; and no portion of it which was contradictory was pointed out to the judge. Some disagreement, more in the nature of omission than contradiction, is pointed out to us in this court, but we are not impressed that reversible error is shown.

In the general charge the court accurately stated the issue of authority and the contention of the casualty company that McCamish was appointed by Eichlitz as only a soliciting agent bound to report to Eichlitz, who alone could bind the company. The court told the jury repeatedly that Seay could not recover unless he showed by a preponderance of the evidence that McCamish was the agent of the company and authorized to contract for it. At one point in the charge the court used words which seemed in effect to say that, if Eichlitz was a general agent with power to appoint other contracting agents, McCamish would have power to bind the company by a contract; but that a person who is an agent merely to solicit insurance for the company without actual authority and without being held out as having authority to make contracts, but who had to report applications to Eichlitz, could not bind the company. It is

said that the jury may have understood the court to mean that, if Eichlitz had authority to appoint a contracting agent, McCamish would be such, even though Eichlitz did not appoint him as such. In view of the fact that no one disputed the power of Eichlitz to appoint a contracting agent, and that the whole controversy was as to how far the power had been exercised, and in view of the whole charge, we are of opinion that no such misunderstanding was likely. The criticized words were immediately followed by a statement of the alternative contention that McCamish was appointed by Eichlitz only as a soliciting agent, and the jury were told that, if they found that to be the fact, there should be a verdict for the defendant. This is a second verdict for the plaintiff, and the litigation should end. We find no such clear error as would require the judgment to be set aside.

Judgment affirmed.