JENSEN et al. v. NEW YORK LIFE INS. CO.

NEW YORK LIFE INS. CO. v. JENSEN.

CHRISTENSEN v. NEW YORK LIFE INS. CO.

Nos. 9018, 9266, 9267.

Circuit Court of Appeals, Eighth Circuit.

May 2, 1932.

See, also, 38 F.(2d) 524.

C. C. Fraizer, of Aurora, Neb. (Craft, Edgerton & Fraizer, of Aurora, Neb., on the brief), for Christian P. Jensen and Antomine Christensen.

William C. Michaels and Kenneth E. Midgley, both of Kansas City, Mo. (C. A. Randolph, of Kansas City, Mo., Louis H. Cooke, of New York City, Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and R. M. Switzler, of San Diego, Cal., on the brief), for New York Life Ins. Co.

Before KENYON, VAN VALKEN-BURGH, and GARDNER, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This case was before us at the March term, 1931, at Kansas City, under the title Christian P. Jensen et al., Appellants, v. New York Life Insurance Company, Appellee, No. 9018. That hearing resulted in the following order:

"This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Nebraska, and was argued by counsel.

"On Consideration Whereof, and in accordance with the opinion of this court filed herein, It is now here ordered by this court that leave be, and is hereby, granted to appellants, defendants below, to make a motion to the said District Court to open the case and allow reframing of the pleadings so as to present the issues of the existence of the alleged final judgment in the state court, and the effect thereof upon the suit in the Federal Court; and leave is hereby granted to said District Court to hear, consider and decide such motion; and if, upon consideration of the evidence and the arguments of the respective parties on that motion, said District Court decides to grant said motion, then thereafter to admit such competent and relevant evidence as any of the parties to this suit may present relative to the existence of the alleged final judgment in the State Court

and the effect thereof upon the present cause in the Federal Court; and thereafter to consider and determine the case upon the record thereof thus supplemented. Meanwhile, the present appeal will remain in this court.

"It is further ordered by this court that a certified copy of this order be forthwith transmitted to the said District Court.

"May 9, 1931."

The opinion upon which this order was based is found in 50 F.(2d) 512, to which reference is made for the facts before this court at that hearing. As therein stated, the original appeal was retained in this court; the cause having been remanded to the trial court, and leave having been granted to Jensen to apply to that court to reopen the case for the filing of a supplemental pleading and the introduction of evidence on the issue as to the effect of the judgment in the state court. For a better present understanding of the controversy now presented, the chronology of the crucial facts will be restated. Jensen's application for a policy was made January 7, 1928; January 13, 1928, he was examined by the company's physician. January 15, 1928, he was gored by a bull and suffered the injuries resulting in the disabilities because of which he makes claim for disability benefits. February 12, 1928, the policy was delivered to Jensen by one Tucker, the soliciting agent for the insurance company, who procured the application from Jensen. It is not contended that any officer of the insurance company had knowledge of the accident, nor of the treatment given by a physician on January 15, 1928, prior to the delivery of the policy, until it received Jensen's claim papers December 22, 1928. Tucker, the soliciting agent, had such knowledge prior to his delivery of the policy February 12, 1928. January 31, 1929, after investigation, the New York Life Insurance Company gave formal notice to Jensen and his beneficiary, Antomine Christensen, that, because he had been treated by a physician for an accident between the date of his examination and the date of the delivery of the policy, the policy of insurance applied for never took effect. The premium theretofore paid was tendered back. April 29, 1929, the insurance company brought this suit to cancel the policy upon the grounds above recited. As stated in our former opinion:

"An answer was interposed, setting up, among other matters, a plea in abatement based upon a suit commenced by Jensen against appellee, five days after the commencement of the present suit. The later suit was brought in the state district court of Hamilton county, Neb. The plea in abatement alleged that the suit in the state court involved the issue whether the insurance under the policy ever took effect; that a decree had been entered in the state court suit in favor of Jensen; but that the Insurance Company had appealed from the decree to the state Supreme Court, where the cause was still pending. This plea in abatement was overruled.

"On the merits, the lower court found the facts in favor of the plaintiff Insurance Company, and entered a decree canceling the policy. * * *

"Upon the hearing of the appeal in this court, counsel for appellant has advised us that the appeal in the state Supreme Court has been determined, and that the judgment in the state court in favor of Jensen has become final.

"If such be the fact, then the question arises whether that final judgment in the state court is pleadable in bar in the present suit in the federal court.

"It is important that these matters should be considered before the final determination of the present suit now pending in this court on appeal.

"These matters, however, cannot properly be determined by this court upon the present record; so that the question of appropriate further procedure must be considered." Jensen v. New York Life Ins. Co. (C. C. A. 8) 50 F.(2d) 512, 513.

A consideration of this situation as set forth in our opinion, 50 F.(2d) loc. cit. 514 et seq. resulted in the remand order hereinabove set forth. The defendant below duly filed in the District Court a motion to reopen the case and to be allowed to reform his pleadings in order to present the issue of the existence of the alleged final judgment in the state court and its effect upon the suit in that court and in this court. This motion was granted, and issues were framed accordingly. Subsequent proceedings in the District Court resulted in the following decree June 22, 1931:

"It is therefore ordered and decreed, that the decree heretofore entered in this suit June 27, 1930, be vacated and set aside as between the plaintiff in this suit and the defendant Christian P. Jensen, and that each of these parties pay his own costs herein expended and that the decree as heretofore entered shall stand as between the plaintiff and the defendant Antomine Christensen. An exception is allowed to each finding."

From this decree the appeals in Nos. 9266 and 9267 were taken.

February 15, 1932, while these appeals were pending in this court, the Supreme Court decided the case of Realty Acceptance Corporation v. Montgomery, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476. The facts, proceedings, and final decision in that case are best presented by quotations from the opinion as follows:

"The petitioner complains of two orders entered by the Circuit Court of Appeals, one which reversed an order of the District Court setting aside a judgment entered at an earlier term and granting a motion for new trial for the purpose of considering certain newly discovered evidence as to damages, and the other, which vacated its own order previously entered dismissing an appeal from the same judgment and remanding the cause so that the District Court might, in the exercise of its discretion, grant such new trial.

"At the March term, 1929, respondent recovered judgment against petitioner for the breach of a contract of employment. An appeal was perfected to the Circuit Court of Appeals, was heard in that court subsequent to the expiration of the term of the District Court, and resulted in an affirmance, 51 F.(2d) 642. Petitioner filed a motion for rehearing, and before disposition thereof presented a petition setting forth that at trial the respondent had failed to disclose certain earnings of which he had been in receipt which should have been taken into account in mitigation of damages; that these facts had been discovered after appeal from the judgment; that the mandate of the Court of Appeals should be stayed to afford the District Court opportunity, if it thought proper, to request the return of the record so that the judgment could be opened and, if justice should so require, a new trial be granted on the issue of the quantum of damages. This petition was granted, respondent applied to the District Court, and that court requested the Court of Appeals to return the record for the purpose mentioned. Thereupon the latter court made an order vacating its affirmance of the judgment and dismissing the appeal, thus returning the record to the District Court, which then entertained a motion for a new trial, found the evidence newly discovered within the applicable rule of law, set aside the judgment, and granted a new trial. Respondent then appealed to the Circuit Court of Appeals, assigning this action as error. The latter court held that except for its own orders the District Court would have been without authority to set aside the judgment after the term had expired; that no additional power had been conferred upon the trial court by the previously recited orders in the appellate proceedings; and that there had been error in dismissing the first appeal. Accordingly it reversed the District Court's order granting a new trial, revoked its own order dismissing the first appeal, overruled the petition for a rehearing therein, and reinstated the order affirming the original judgment of the District Court. * * *

"The claim is that section 701 of the Revised Statutes (28 USCA § 876), which defines our appellate jurisdiction, and is made applicable to the Circuit Courts of Appeal by the Act of March 3, 1891, c. 517, § 11, 26 Stat. 829, 28 USCA § 228 and note, and § 230 note (see Ballew v. United States, 160 U. S. 187, 16 S. Ct. 263, 40 L. Ed. 388), authorizes those courts, in the proceeding in error, to set aside a judgment and receive additional evidence, if justice so requires, and that such power may also be exercised by remanding the cause to the trial court for similar proceedings. * * *

"In addition the contention is that, though there be no error upon the face of the record, the section authorizes its return to the lower court for the opening of the judgment and reception of newly discovered evidence. * * *

"No authority is cited in which R. S. § 701 has been construed as extending this court's powers in the manner for which petitioner contends. Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, is to the contrary. The holding was that upon an appeal in equity this court could not upon motion set aside the decree of the court below and grant a rehearing, and could not receive new evidence; and, further, that as the court below was without power to grant a rehearing after the term at which the decree was entered the remanding of the cause for such purpose would be useless. * * *

"The attempt by remanding the record with leave to the court below to take action which would otherwise have been beyond its powers left the matter precisely as if no such order had been made.

"It follows that the Circuit Court correctly held that what was done subsequent to the affirmance of the judgment in the first appeal was improvident and unauthorized and should be rescinded, and the order which accomplished this end and reinstated the original judgment is affirmed."

■ In the case before us the original decree in the District Court was entered July 7, 1930, at the May, 1930, term of that court at Lincoln, Neb. The October term, 1930, followed. The order of this court retaining the appeal, but permitting the case to be reopened in the District Court for the framing of new issues, and for the hearing and determination thereof, was issued May 9, 1931, and was filed in the District Court at Lincoln May 11, 1931, the first day of the May term, 1931, of that court. All proceedings thereafter took place in said May term, 1931; the decree aforesaid being entered June 22, 1931. It follows from the decision in Realty Acceptance Corporation v. Montgomery that the District Court was without power to grant a rehearing after the term at which the decree was entered, that this court was without authority to grant a remand for that purpose, and that our order permitting the case to be reopened in the District Court, and all the subsequent proceedings in that court were and are without authority and void. Our order accordingly must be and is revoked, and the District Court's decree of June 22, 1931, must be and is set aside and held for naught. This leaves before us for consideration the original decree of the District Court as disclosed by the record in cause No. 9018 of this court. We must decide that appeal upon the merits.

The points relied upon by appellant Jensen in the original appeal are the following:

"1. There was lack of jurisdiction because the amount in litigation was less than $3,000.-00.

"2. The district court should have ordered abatement of this action pending final determination of the suit in the state courts of Nebraska.

"3. Under the terms of the application, insured having paid the premium and medical examination showing that he was insurable at time of application, the contract of insurance was completed on that date, but even if this were not true then the provision that consultation by a physician after medical examination invalidates the policy is one that may be waived and was waived in this case, and the company is estopped from setting up this provision.

"4. The actual authority of the agent Tucker was sufficient to bind the company, but even if there was a lack of actual authority still there was an apparent and ostensible authority sufficient to sustain the proposition that notice to an agent is notice to his principal."

■ 1. The jurisdictional point was resolved against appellant on the former appeal. 50 F.(2d) 512, 514. We adhere to this decision upon that point.

■ 2. The argument of counsel for appellant Jensen upon the second point does not seem to be urged with confidence, and is not convincing. It is conceded by them that the parties are the same and that the cause of action, and the relief sought, are substantially the same. As said in McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 505, 54 L. Ed. 762, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in a Federal court having jurisdiction." See also, Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Ogden City v. Weaver (C. C. A. 8) 108 F. 564; Boatmen's Bank v. Fritzlen (C. C. A. 8) 135 F. 650. There are many authoritative decisions to the same effect. The trial court committed no error in overruling the plea in abatement.

3. The application of appellant Jensen for insurance contained the following provisions:

"That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination. * * *

"That only the president, a vice-president, a second vice-president, a secretary or the treasurer of the company can make, modify or discharge contracts, or waive any of the company's rights or requirements; that notice to or knowledge of the soliciting agent or the medical examiner is not notice to or knowledge of the company; and that neither one of them is authorized to accept risks or to pass upon insurability."

■ Substantially the same provisions are found in appellee's "Instructions to Agents," introduced in evidence as part of Exhibit E. It will thus be seen that the provision of the contract that the policy should not take effect until delivered and received, and then only if the applicant had not consulted, or been treated by, a physician since his medical examination, constitutes a condition precedent to the taking effect of the policy. This and similar clauses in applications for insurance have been held valid and effective, as found by the trial court, and in the cases cited by it. Per-

son v. Ætna Life Ins. Co. (C. C. A. 8) 32 F.(2d) 459; New York Life Ins. Co. v. Griffith (C. C. A. 10) 35 F.(2d) 945; New York Life Ins. Co. v. Horton (C. C. A. 5) 9 F.(2d) 320.

It is claimed that this provision of the insurance contract was waived by the insurance company, through its agent Tucker, when he delivered the policy with full knowledge of the accident to Jensen, and the fact that the latter had consulted, and been treated by, a physician since the date of his medical examination. But by the terms of the insurance contract, to which the insured was a party, and of which he had notice and knowledge, Tucker had no authority to waive or alter the terms of that contract. He was a mere soliciting agent, and only the president, vice president, second vice president, secretary, or treasurer of the company had power "to make, modify, or discharge contracts or waive any of the company's rights or requirements." This case furnishes a convincing illustration of the wisdom and propriety of this conditional clause in the insurance contract. Before the policy had become effective by the express terms of that contract, Jensen suffered a severe injury, as a result of which he seeks to charge the company with substantial damages. It was to protect the companies from such improvident acts of soliciting agents, zealous to court favor with the insuring public, that these provisions, respecting the time when policies should become effective, and limiting the authority of soliciting agents, were incorporated in insurance contracts.

"It is competent and reasonable for insurance companies to make it matter of condition in their policies that their agents shall not be deemed to have authority to alter or contradict the express terms of the policies as executed and delivered." Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Maryland Casualty Co. v. Campbell (C. C. A. 5) 255 F. 437.

Of this lack of authority in Tucker, Jensen had notice and knowledge. His application contained the following provision to which he agreed: "That notice to or knowledge of the soliciting agent or the medical examiner is not notice to or knowledge of the company, and that neither one of them is authorized to accept risks or to pass upon insurability."

"Where such limitation is expressed in the policy, the assured is presumed to be aware of such limitation." Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 309, 22 S. Ct. 133, 46 L. Ed. 213.

Appellant places reliance upon the following provision of the Nebraska Statutes (section 7757 Comp. Stats. Neb. 1922): "Every agent or broker who shall solicit an application for insurance of any kind shall, in any controversy between the insured or his beneficiary and the company issuing any policy upon such application, be regarded as representing the company and not the insured." But, as found by the trial court, this provision is not effective in this case for the reasons stated above.

4. Finally appellant invokes the rule that, where there is apparent and ostensible authority in an agent, notice to the agent is notice to the principal. This rule has application only where actual knowledge of the lack of authority of the agent is wanting, and, generally, where a party, relying upon apparent and ostensible authority, has acted to his disadvantage. In this case appellant had knowledge of the limitations of Tucker's authority, and no action taken in reliance upon his authority has resulted in injury.

"The general rule which imputes an agent's knowledge to the principal is well established. The underlying reason for it is that an innocent third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest. But this general rule does not apply when the third party knows there is no foundation for the ordinary presumption." Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 622, 623, 36 S. Ct. 676, 680, 60 L. Ed. 1202.

There is no merit in this specification.

Many considerations, flowing from the rehearing of the case in the District Court, are urged in brief and argument; but, as such issues arise only upon a record resulting from our improvident order and from unauthorized proceedings in the District Court, we are constrained to confine ourselves to the record in cause No. 9018. It results that the decree below in that case is affirmed, without prejudice to the parties to take such steps as they may be advised to establish such rights as may have accrued to them by virtue of proceedings in federal and state courts during the progress of this litigation. The appeals in Nos. 9266 and 9267 are dismissed. It is so ordered.