## NEW YORK LIFE INS. CO. v. McCREARY.
### No. 9402.

Circuit Court of Appeals, Eighth Circuit.
July 15, 1932.

Rehearing Denied Aug. 27, 1932.

Claude A. Davis, of Grand Island, Neb. (J. L. Cleary and William Suhr, both of Grand Island, Neb., on the brief), for appellant.

J. M. FitzGerald, of Scottsbluff, Neb. (L. L. Raymond, of Scottsbluff, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

The appellee as plaintiff below brought this action to recover $4,000 upon an alleged contract of insurance upon the life of her daughter, Mary Belle McCreary. The parties will be referred to as they appeared in the lower court. The defendant contends that no contract of insurance ever became effective.

On January 31, 1929, Mary Belle McCreary, daughter of the plaintiff, was solicited to take out insurance upon her life by a soliciting agent of the defendant at Scottsbluff, Neb., and in the forenoon of that day signed an application for life insurance, naming the plaintiff as beneficiary. The application contains the following pertinent provisions:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the ap-

plicant has not consulted or been treated by any physician since his medical examination; provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in Questions 2 and 3 and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the Company, after medical examination and investigation, shall be satisfied that the applicant was, at the time of making this application, insurable and entitled under the Company's rules and standards to the insurance, on the plan and for the amount applied for in Questions 2 and 3, at the Company's published premium rate corresponding to the applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time the application is made, whether the policy be delivered to and received by the applicant or not. 2. That a receipt on the form attached as a coupon to this application form is the only receipt the agent is authorized to give for any payment made before the delivery of the policy. 3. That only the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company can make, modify or discharge contracts, or waive any of the Company's rights or requirements; that notice to or knowledge of the soliciting agent or the Medical Examiner is not notice to or knowledge of the Company, and that neither one of them is authorized to accept risks or to pass upon insurability."

At the time of signing the application, the applicant gave to the agent her promissory note payable to the agent's order for the amount of the first premium. This note was forwarded by the agent with the application to the company at noon of the same day. Later in the day, at the solicitation of the agent, applicant undertook to effect temporary insurance to become effective immediately. She did not have the cash with which to pay the premium, but at the suggestion of the agent she gave him a second promissory note payable to his order in the amount of the premium, which was on that day discounted by the agent, who obtained from it more than enough cash to pay the company its share of the first premium. The note was retained by the indorsee, who still held it at the time of the death of the applicant. On the same afternoon, January 31, 1929, the applicant took the required physical examination, which was later approved by de-

fendant. She then left on an automobile trip. The policy was issued by the defendant and mailed to its branch office for delivery, but was not delivered. It was dated January 15, 1929 (the date borne by the application), and was for $2,000, or twice that amount for death by accident. Miss McCreary met with an automobile accident and died from injuries received therein, on February 4, 1929. The agent of the defendant represented to the applicant that the contract of insurance would be in force from the time of the payment of the premium. No receipt or contract of insurance, however, was delivered to the applicant, and she did not sign the declaration in the application to the effect that she had paid the first premium.

At the close of all the evidence both sides moved for a directed verdict. The court instructed the jury to return a verdict in favor of the plaintiff for the amount of the alleged contract of insurance; to wit, $4,000 with interest, and an attorney fee of $400, allowed pursuant to Nebraska statutes. From this judgment the defendant has appealed. The questions presented may be thus stated: (1) Was the premium paid to the agent in cash; (2) were the requirements for the issuance of a receipt by the agent and the signing of a declaration by the applicant in the nature of conditions precedent to a contract of immediate insurance; and (3) if so, could the soliciting agent waive these conditions?

■ As preliminary to a consideration of these questions, it may be observed in passing that, inasmuch as both parties moved for a directed verdict, the verdict as directed must be given the same force and effect as a verdict regularly returned by a jury, and, if it is sustained by substantial evidence, it should not be set aside unless there were errors at law occurring at the trial prejudicial to the rights of the defendant. Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038; American Surety Co. v. Republic Casualty Co. (C. C. A.) 42 F.(2d) 807; Springfield Fire & Marine Ins. Co. v. National Fire Ins. Co. (C. C. A.) 51 F.(2d) 714, 76 A. L. R. 1287.

■ The soliciting agent was authorized to collect cash in payment of the first premium. Instead of receiving cash directly from the applicant, he took her negotiable promissory note payable to his order, negotiated it and received the amount of the premium in cash. The agent did not have authority to accept a note payable to the company in lieu of cash, nor did he have authority to waive the provision for the payment of cash. The note,

however, was made payable to the agent, and he actually received cash thereon. True, he did not receive the full amount of the premium, but he received the full amount due the company, and it is quite generally held that, where the proceeds received by the agent on negotiation of a note payable to him individually are sufficient to pay that part of the premium due the company, the premium to all intents and purposes is actually paid in cash, as much as if the agent had received for the premium a check on a bank or an order on a third person which was paid on presentation. New York Life Ins. Co. v. Silverstein (C. C. A. 8) 53 F.(2d) 986; Payne v. Mutual Life Ins. Co. (C. C. A. 8) 141 F. 339; German-American State Bank v. Mutual Benefit Health & Accident Ass'n, 107 Neb. 124, 185 N. W. 313; Jacobs v. Omaha Life Ass'n, 146 Mo. 523, 48 S. W. 462; John Hancock Mutual Life Ins. Co. v. Schlink, 175 Ill. 284, 51 N. E. 795. Under his contract with the insurance company, he was entitled to retain one-half of the first premium, so that the company, through its soliciting agent, received in cash the amount due it.

To entitle the applicant to insurance taking effect at once, it was incumbent upon her (1) to pay the amount of the premium in cash; (2) to receive from the agent a receipt therefor on the receipt form attached to the application; and (3) to sign a declaration attached to the application, to the effect that she had paid to the named agent the stated amount of the first premium in cash, and that she held the agent's receipt for same on the receipt form detached from and corresponding in date and number with the application. These provisions were all set out in the application signed by the applicant. She was therefore charged with notice and knowledge thereof, and they were in the nature of conditions precedent, the fulfillment of which were required by the insurance company before it either became or agreed to become an immediate insurer of the life of the applicant. Jensen v. New York Life Insurance Company (C. C. A. 8) 59 F.(2d) 957; Inter-Southern Life Ins. Co. v. McElroy (C. C. A. 8) 38 F.(2d) 557, 559; Person v. Aetna Life Ins. Co. (C. C. A. 8) 32 F.(2d) 459, 460; New York Life Ins. Co. v. Horton (C. C. A. 5) 9 F.(2d) 320; St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co. (C. C. A. 8) 40 F.(2d) 344; Clements v. Preferred Acc. Ins. Co. (C. C. A. 8) 41 F.(2d) 470, 76 A. L. R. 17; Niagara Fire Ins. Co. v. Pospisil (C. C. A. 8) 52 F.(2d) 709; Aetna Life Ins. Co. v. Johnson (C. C. A. 8) 13 F.(2d) 824; MacKelvie v. Mutual Benefit Life Ins. Co. (C. C. A. 2) 287 F. 660.

It is contended that the agent intended to effect, and the applicant thought she had obtained, insurance upon her life from the time the second note was delivered. The written application, however, which was signed by Miss McCreary, must be accepted as the evidence of the contract between the parties. Under the specific provisions of this contract, the insurance was not to take effect immediately unless the above-noted conditions precedent had been performed and taken place. The applicant was bound to know that, before this insurance could become effective, she must receive from the agent a receipt for the first premium on the receipt form attached to the application which she signed. She was also bound to know that this insurance could not become effective unless she signed a declaration to the effect that she had made payment of the first premium and that she held the agent's receipt therefor upon the receipt form detached from and corresponding in date and number with the application; in fact, there is attached to the application which Miss McCreary signed a form of declaration as follows:

"Declaration to be Signed by Applicant upon Making Any Payment with This Application.

"Dated at ———, 192—.

"I hereby declare that I have paid to ———, ——— Dollars ($———) in cash, and that I hold his receipt for the same, made up, without alteration, on the receipt form detached from and corresponding in date and number with this application. I assent to the terms of said receipt.

"[Signature of Applicant] ———."

The submission of this application with the declaration unsigned indicated that no immediate contract of insurance had been effected. In other words, the terms upon which the company agreed to become immediately liable had not been accepted nor complied with. Contracts of insurance are contracts of indemnity upon the conditions specified in the contract embodying the agreement of the parties. If an alleged insured cannot bring himself within the conditions of the contract, then no insurance was effected, as the terms of the contract constitute the measure of the insurance company's liability. In Person v. Aetna Life Ins. Co., supra, in an exhaustive opinion by Judge Booth reviewing many of the authorities, it is said: "The main question in-

volved in the case is what construction should be placed upon the above quoted clause in the policy. Is good health on the part of the insured at the time the first premium is paid a condition precedent to the taking effect of a valid contract of insurance, or does the contract of insurance take effect at the time of the payment of the first premium, unless at that time the insured knew or had reason to suspect that he was not in good health? The former construction was adopted by the court below; the latter is contended for by appellants. By the great weight of authority, both in the federal and state courts, the former of these two constructions is placed upon such a clause."

In Inter-Southern Life Ins. Co. v. Mc-Elroy, supra, this court said: "The provision in the application and policy, to the effect that the policy should not become effective until the first premium should be paid during the good health of the insured, was valid and binding as a condition precedent."

It follows that no contract of insurance ever became effective unless, as claimed by the plaintiff, these conditions of the contract were waived. It is contended that these conditions were waived because of the acts and knowledge of the defendant's soliciting agent. It is, however, to be observed that the application signed by the applicant contains specific provision that only the president, a vice president, a second vice president, a secretary, or the treasurer of the company could waive any of the company's rights or requirements. The principles of the general law of agency are applicable to insurance companies and their agents (Globe Mutual Life Ins. Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387), and insurance companies, unless inhibited by valid statutory provisions, may limit the authority of their agents by agreements contained in the application for insurance, and such agreements are binding upon the applicant. Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Northern Assurance Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Jensen v. New York Life Ins. Co. (C. C. A.) 59 F.(2d) 957; Inter-Southern Life Ins. Co. v. McElroy (C. C. A.) 38 F.(2d) 557; Curtis v. Prudential Life Ins. Co. (C. C. A.) 55 F.(2d) 97.

In Jensen v. New York Life Ins. Co., supra, recently decided by this court, in referring to a provision identical with that contained in the application in the instant case limiting the right of a soliciting agent to waive any rights or requirements on behalf of the insurance company, it is said: "It is claimed that this provision of the insurance contract was waived by the insurance company, through its agent Tucker, when he delivered the policy with full knowledge of the accident to Jensen, and the fact that the latter had consulted, and been treated by, a physician since the date of his medical examination. But by the terms of the insurance contract, to which the insured was a party, and of which he had notice and knowledge, Tucker had no authority to waive or alter the terms of that contract. He was a mere soliciting agent, and only the president, vice president, second vice president, secretary, or treasurer of the company had power 'to make, modify, or discharge contracts or waive any of the company's rights or requirements.' "

The applicant, of course, is charged with notice of the agent's want of authority, and hence no resort can be had to the doctrine of apparent, ostensible, or implied authority. New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 843, 29 L. Ed. 934; Jensen v. New York Life Ins. Co. (C. C. A.) 59 F.(2d) 957; Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 527, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. In New York Life Ins. Co. v. Fletcher, supra, in speaking of the power of a soliciting agent, it is said: "Here the power of the agent was limited, and notice of such limitation given by being embodied in the application, which the assured was required to make and sign, and which, as we have stated, he must be presumed to have read. He is therefore bound by its statements."

In Slocum v. New York Life Insurance Company, supra, in an opinion by Mr. Justice Van Devanter, it is said: "One who deals with an agent, knowing that he is clothed with a circumscribed authority and that his act transcends his powers, cannot hold his principal; and this is true whether the agent is a general or a special one, for a principal may limit the authority of one as well as of the other."

This court in Jensen v. New York Life Insurance Company, supra, said: "Finally, appellant invokes the rule that, where this is apparent and ostensible authority in an agent, notice to the agent is notice to the principal. This rule has application only where actual knowledge of the lack of authority of the agent is wanting, and, generally, where a party, relying upon apparent and ostensible authority, has acted to his disadvantage. In this case appellant had knowledge of the

limitations of Tucker's authority, and no action taken in reliance upon his authority has resulted in injury."

The right of recovery in this case is bottomed on contract, and it is not the function or duty of courts to make a contract for the parties, but only to enforce and carry out the contract actually made.

It is further contended that under the Nebraska statutes, the defendant's soliciting agent had authority to bind the company by his acts and declarations notwithstanding the specific provisions of the insurance contract. The statutes relied upon are as follows:

"44-213. Every agent or broker who shall solicit an application for insurance of any kind shall, in any controversy between the insured or his beneficiary and the company issuing any policy upon such application, be regarded as representing the company and not the insured."

"44-213. Every agent or broker who shall with authority receive or receipt for any money * * * for any such insurance company * * * or who shall with authority receive or receipt for money from other persons to be transmitted to any such company * * * as agent or agents of such company, or who shall in any wise make or cause to be made any contract or contracts of insurance, for or on account of such company aforesaid, shall be deemed, to all intents and purposes an 'agent' or 'agents' of such company."

These statutes do not sustain plaintiff's contention. They, to be sure, make the soliciting agent the agent of the insurer, but they leave the extent and nature of his authority as such agent of the insurer to be determined by the general law of agency. Sun Insurance Office v. Scott, 284 U. S. 177, 52 S. Ct. 72, 74, 76 L. Ed. 229; Jensen v. New York Life Ins. Co. (C. C. A.) 59 F.(2d) 957; Ætna Life Ins. Co. v. Roewe (C. C. A.) 38 F.(2d) 393; Maryland Casualty Co. v. Campbell (C. C. A.) 255 F. 437; Fidelity-Phenix Fire Ins. Co. v. Handley (C. C. A.) 296 F. 902; Newsom v. New York Life Ins. Co. (C. C. A. 6) 60 F.(2d) 241.

In Sun Insurance Office v. Scott, supra, recently decided by the Supreme Court of the United States, it was contended that under a statute of Ohio the authority of a soliciting agent was extended to all matters of contract with respect to the policy, including consent to the alterations of its terms. Answering this contention, the court said:

"On its face the statute does not go so far. We have examined the authorities cited and fail to find that they give it any such force or effect. They do not, as respondent claims, define the scope of the agency created by the statute, but leave it to be defined by applicable principles of common law. In the present cases the policy limits its scope, and we think the written contract must control."

An examination of the Nebraska decisions which have considered these statutes (Home Fire Ins. Co. v. Gurney, 56 Neb. 306, 76 N. W. 553; Bankers' Life Ins. Co. v. Robbins, 55 Neb. 117, 75 N. W. 585; Arendt v. North American Life Ins. Co., 107 Neb. 716, 187 N. W. 65; Robinson v. Union Automobile Ins. Co., 112 Neb. 32, 198 N. W. 166) convinces that they do not go to the extent required to sustain the judgment in this case. On the other hand, in Baird v. Union Mutual Life Ins. Co., 103 Neb. 609, 173 N. W. 686, and in Kaley v. Northwestern Mutual Life Ins. Co., 102 Neb. 135, 166 N. W. 256, the Supreme Court of that state held that, where a limitation on the power of the agent of a life insurance company was set forth in the application and the limitation was made known to the applicant, the agent could not vary the terms of the policy by a rider attached by him thereto. True, these cases do not discuss the Nebraska statutes, but at least they show that the question here involved is by no means definitely decided in appellant's favor in Nebraska. In the absence of controlling construction placed upon these statutes by the Nebraska court, this court will follow its own rule and the rule laid down by the Supreme Court of the United States. Security Life Ins. Co. v. Brimmer (C. C. A. 8) 36 F.(2d) 176; Bush v. Bremner (C. C. A. 8) 36 F.(2d) 189; Cuttell v. Fluent (C. C. A. 8) 51 F.(2d) 974; Niagara Fire Ins. Co. v. Pospisil (C. C. A. 8) 52 F.(2d) 709.

The applicant not only had notice of the limitation of the authority of the soliciting agent, but by signing the application she agreed that he had only the limited authority therein stated.

It follows that no contract of insurance ever became effective, and the lower court should have directed a verdict in favor of the defendant, instead of for the plaintiff. The judgment appealed from is therefore reversed, and the cause remanded, with directions to grant the defendant a new trial.