**Luther B. SEALS and wife, Gail T. Seals, Plaintiffs-Appellants,**

v.

**APPALACHIAN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 5, 1979.

Certiorari Denied by Supreme Court Feb. 25, 1980.

James S. MacDonald, Jenkins & Jenkins, Knoxville, for plaintiffs-appellants.

E. Bruce Foster, Jr., Frantz, McConnell & Seymour, Knoxville, for defendant-appellee.

OPINION

SANDERS, Judge.

This appeal is from a summary judgment in favor of the Defendant Insurance Com-

pany where Plaintiffs had applied for life insurance but a policy was never issued.

On September 21, 1976, Plaintiffs, Luther B. Seals and his wife, Plaintiff-Appellant Gail T. Seals, made application through the agent of the Defendant-Appellee, Appalachian National Life Insurance Company, for a "joint family income life insurance policy" in the principal sum of $50,054. The application for insurance provided both Plaintiffs would be required to furnish the company with physical examination reports from a physician and a urine specimen. The Defendant's agent furnished them with forms to be filled out by the examining physician and containers for the urine specimens. Because the Plaintiffs were uncertain of their bank balance they did not make any payment on the premium at the time the application was taken but about a week later Mrs. Seals gave the agent a check for $61.19 which he sent to the home office of the Defendant along with the application. Upon receiving the application the Defendant assigned it a file number and held it in an open file pending receipt of the physical examination reports and the urine specimens.

The Plaintiffs made appointments to have their physical examinations but before they were made the Plaintiff, Luther B. Seals, became seriously ill with a brain tumor that was not known to exist before the application was made. This resulted in the Plaintiffs' not getting their physical examinations completed or sending their urine specimens to the Defendant.

During the 60-day period between the date the applications were received at the home office and December 1 the Defendant sent some four notices to Mr. Glenn Cunningham, their agent who had taken the application, reminding him the physical examination reports and the urine specimens had not been received. Not having received the reports or specimens, on December 1, 1976, the Defendant wrote the Plaintiffs a letter advising them that since the medical examinations had not been received the ap-

plication for insurance was being withdrawn and a check was sent refunding the payment of $61.19 which had been made on the premium. The letter further advised the Plaintiffs, "If you can get the medicals completed we will be happy to reopen your file."

In April, 1977, the Plaintiffs filed suit alleging the medical examinations were not a condition precedent to the issuance of the policy of insurance. Plaintiffs say the Defendant learned of Mr. Seals' illness and withdrew the application for this reason. They say the payment on the premium was a binder that put the policy into effect immediately. They ask for a declaratory judgment to the effect the policy was in full force and effect.

Before the case was tried Mr. Seals died and Mrs. Seals filed an amended and supplemental complaint seeking the face value of the policy.

The Defendant filed a motion for summary judgment which was sustained by the court and Plaintiff has appealed.

The only issue for consideration on this appeal is whether or not a statement which Defendant's agent, Mr. Cunningham, is alleged to have made to Mrs. Seals at the time she gave him the check for the payment on the premium would put the insurance into effect pending a determination by the Defendant as to whether or not it would issue a policy.

The court had before it for consideration of the motion for summary judgment the pretrial depositions of Mrs. Seals, Mr. Cunningham and Mr. Jones, Defendant's vice-president and manager of the underwriting department, along with a number of exhibits.

Most of the material facts are not in dispute. The Plaintiff knew a policy of insurance would not be issued until satisfactory physical examinations were submitted but says Defendant's agent agreed there would be coverage under the policy pending a determination by the Defendant as to whether or not it would issue the policy.

The portion of the Plaintiff's testimony which is pertinent to the issue before us is as follows:

"Q. Going back to the day of the application, I believe you said that you didn't recall precisely why the check was not presented to Mr. Cunningham that night; is that correct?

"A. That's correct.

"Q. But that sometime after that he did—did he come to you and ask you for the check, or did you see him and offer to give him a check?

"A. He dropped by my office. He was in the Courthouse. And he just dropped by and said he needed, you know, that you go in with the application.

"Q. Did you understand then, or previously, when the application was made, that the insurance would not go into force until the record of the medical exam and the home office specimens were received?

"A. The night we signed the application, you know, that was what I understood. But, now, when I gave him the check, I think the statement he made to me was that, 'This is insurance for you and for me' or something to that effect. Anyway, I got the idea that—from what he said, that should anything happen before it would go into effect that would cover us. And at the same time it would cover him—or cover your company from us cancelling before that or something to that effect. But that should—at the time, you know, that the application was either granted or denied—that if it were to be denied, that we would get the check back."

Mr. Cunningham denied having made any statement that would lead Mrs. Seals to believe that coverage would be in effect pending a determination by the company as to whether or not it would issue a policy.

This would present a question for jury determination and make summary judgment inappropriate except it becomes a question of law as to whether or not such oral statements by the agent had the effect of extending coverage.

The application for insurance provides immediately above the signature of the Plaintiffs as follows: "I understand and agree that (a) the insurance shall not take effect unless the application has been accepted and approved by the company and full first premium paid (unless otherwise provided in the binding receipt, if issued). (b) oral statements between the agent and myself are not binding on the company unless accepted by the company in writing."

The testimony of Mrs. Seals concerning this provision of the application was as follows:

"Q. And you read that language, 'I understand and agree that the insurance shall not take effect unless the application has been accepted and approved by the company and full first premium paid unless otherwise provided in the binding receipt if issued'; do you remember reading that?

"A. Yes.

"Q. And you didn't receive a binding receipt?

"A. No.

"Q. And then the next statement is 'oral statements between the agent and myself are not binding on the company unless accepted by the company in writing.' Do you remember that being printed on there?

"A. No, I—

"Q. The whole statement there, it is underlined. Do you remember reading that?

"A. No. I probably read it. But, as I said, I don't understand insurance policies and applications, and so forth anyway."

The Defendant relies upon the case of *Arnold v. Locomotive Engineers Mut. Life & Accident Ins. Ass'n.*, 30 Tenn.App. 166, 204 S.W.2d 191 (1946), in support of its contention in this case. In the *Arnold* case the defendant insurance company took a written application for life and accident insurance from Mr. Arnold on February 21.

The application provided, "I understand the insurance herein requested shall not take effect unless and until this application is approved at the home office. . . . (T)he first premium payment must be forwarded to the home office with this application."

"If additional information is necessary or if physical examination is required the applicant will be so advised before this application is approved at the home office."

Mr. Arnold gave the agent a check for the first premium. The check and application were sent to the home office. Had the application been accepted by the home office the insurance would have become effective on March 1 but the medical examiner for the company required a physical examination. The agent was advised of this on March 3. However, Mr. Arnold had been killed in an accident on March 1. Without knowledge of Mr. Arnold's death the company deposited the check eight days after his death. Mr. Arnold's widow filed suit alleging there was an oral contract of insurance and the company was estopped to deny coverage since it cashed the check for the premium after his death. The case was dismissed in the trial court and the trial court was affirmed on appeal.

In sustaining the trial court the court of appeals held the deceased was charged with knowledge of the limitations placed upon the agent as contained in the application. It also said:

"The application for this life and accident policy, which provided that the contract of insurance would not become effective until the application was approved by defendant, was simply an offer on the part of the applicant to enter into an insurance contract with defendant; and defendant could accept or reject the offer. The agent had no authority to enter into an unconditional contract of insurance with the applicant effective March 1, 1942; and the applicant was put on notice of this limitation of the agent's authority. Neither complainant nor her husband could claim the benefit of any act or representation of this agent done or made in excess of his known authority.

*Braman v. Mutual Life Ins. Co.*, 8 Cir., 73 F.2d 391; *New York Life Ins. Co. v. McCreary*, 8 Cir., 60 F.2d 355; *Distassio v. American United Life Ins. Co.*, [238] Mo.App. [279], 179 S.W.2d 610; 2 Couch on Insurance, 1483, section 518."

The Plaintiff in the case at bar admits she knew the application she and her husband signed provided "the insurance shall not take effect unless the application has been accepted and approved by the company." She is also chargeable with knowledge that "oral statements between the agent and myself are not binding on the company unless accepted by the company in writing." See *Hardin v. Combined Insurance Co. of America*, Tenn.App., 528 S.W.2d 31 (1975).

There is no contention the Defendant Company accepted the oral statement of the agent. Therefore, the agent was without authority to place the insurance in effect by an oral statement.

The issues are resolved in favor of the Defendant. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

PARROTT, P. J., and FRANKS, J., concur.